■ ESTHER E. HAGADORN, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 51564.) — Cross appeals from a judgment in favor of claimant, entered January 29, 1971, upon a decision of the Court of Claims which awarded claimant the sum of $122,500 for damages resulting from appropriation of her real property. On April 14, 1969, the State appropriated a parcel of land owned by claimant in the City of Watervliet for highway purposes. The appropriation consisted of a fee taking of 2,687 square feet which included all the frontage on 19th Street. The parcel appropriated ran through a building which required the appropriation of a temporary easement to demolish the building. Prior to the appropriation claimant's property consisted of a commercial lot with approximately 160 feet of frontage on 19th Street, one of the main business streets of the city. It was occupied by an A & P supermarket with a parking lot fronting on 19th Street. After the appropriation, claimant's property was a vacant lot bounded on the east by an alley and on the north by 20th Street which extended westerly from Broadway and dead-ended at the westerly boundary of claimant's property. The court found that before the taking the property was a high class commercial property, and that after the taking it had a limited commercial use. The expert appraisers for both parties agreed that the highest and best use before the taking was for a

supermarket and after, for semi-commercial or secondary commercial use. Both appraisers valued the property by utilizing market value based on comparable sales; capitalization of income based on comparable rentals; and reproduction cost less depreciation. Claimant's appraiser testified to a before land value of $60,800 and total values based on market data of $177,000; based on capitalization of income of $158,000; and based on reproduction cost less depreciation of $185,500. He found a before value of $159,000 and an after value for land of $5,700 for damages of $153,000 of which he attributed $103,600 for direct damages and $49,700 for consequential damages. In addition, he valued the temporary easement at $3,300 making his valuation of total damages the sum of $156,600. The State's appraiser testified to a before land value of $62,000 and total values based on market data of $108,600; based on capitalization of income of $107,900; and based on reproduction cost less depreciation of $114,700. He found a before value of $108,000, and an after value of $33,000 for damages of $75,000 of which he attributed $48,518 for direct damages and $26,482 for consequential damages. He also valued the temporary easement at $3,300, making a valuation for total damages of $78,300. The trial court found a before land value of $62,000 and a total before value of $136,700 with an after land value of $17,500 with total damages including $3,300 for the value of the temporary easement of $122,500. The court attributed $81,300 for direct damages and $37,900 for consequential damages. Both the State and claimant contend on this appeal that the evidence of the respective appraisers was deficient in various technical degrees. However, in view of the detailed explanation of each appraiser of his ultimate conclusion based on the three different methods of valuation, such deficiencies, if any, are overcome by the record as a whole. Since the trial court did not rely entirely upon the evidence of either litigant but fixed a market value within the range of the testimony which is supported by the record in its entirety, such value should be affirmed. (*Levin* v. *State of New York,* 13 N Y 2d 87; *Kozecke* v. *State of New York,* 34 A D 2d 599; *Miller Paper Co.* v. *State of New York,* 34 A D 2d 880.) Judgment affirmed, with costs to claimant. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.